THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABRAM COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-20-901-R |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 1-41 of OKLAHOMA COUNTY, | ) | |
| OKLAHOMA, a/k/a WESTERN | ) | |
| HEIGHTS PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. No. 7) addressing Plaintiff's Amended Complaint. Plaintiff responded in opposition to the motion. (Doc. No. 12). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff filed this action in state court alleging three causes of action, racial discrimination, violation of the Fair Labor Standards Act ("FLSA") and wrongful termination in retaliation for filing a worker's compensation claim. Following removal to this Court Defendant filed a Motion to Dismiss. In response, Plaintiff amended his complaint, filing an Amended Complaint limited to a single claim, violation of the FLSA. (Doc. No. 4).[1]

---

[1] Defendant argued in the Motion to Dismiss that it appeared Plaintiff had only added additional factual allegations to support an FLSA claim but that it was unclear whether he intended to amend to omit his race discrimination and workers compensation retaliation claims. (Doc. No. 7). Plaintiff stated in his response that his only claim is for violation of the FLSA.

In the Amended Complaint, Plaintiff alleges that he was employed by Defendant as a coach and that he was informed he would be paid $20.00 per hour plus time-and-a-half for any time in excess of forty hours in a workweek. "On multiple occasions, Coach worked in excess of 40 hours per week, was not paid for all of the hours he worked, and was not paid overtime, in violation of the FLSA and the Wage Laws of Oklahoma." (Doc. No. 4, ¶ 16).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." The Court considers "whether the plaintiff's ... complaint alone is legally sufficient to state a claim for which relief may be granted." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (quoting *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)). Rule 8 mandates that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This is required so that the defendant has fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Under Rule 12(b)(6), the Court assumes the truth of a plaintiff's well-pled factual allegations and view them in the light most favorable to the plaintiff. *Ridge at*

*Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citation omitted). However, "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

The FLSA requires employers to pay covered employees who work longer than forty hours in a given workweek "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). The Tenth Circuit explained, "[t]he purpose of FLSA overtime is to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost." *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011) (citation and quotation marks omitted). Defendant argues Plaintiff has failed to sufficiently allege his employee status for purposes of the FLSA.

"Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295, n.8 (1985). Individual coverage requires the employee to assert that he, individually, was engaged in interstate commerce, whereas enterprise coverage requires the employee to assert that the Defendant was an enterprise engaged in commerce. *Reagor v. Okmulgee Cnty. Family Resource Ctr.*, 501 F. App'x 805, 808 (10th Cir. 2012). In response to the Motion to Dismiss Plaintiff implicitly concedes that he is not seeking to establish FLSA coverage as an individual engaged in interstate commerce. *See* Doc. No. 12, p. 2

("Defendant argues dismissal is warranted because Plaintiff fails to show he is engaged in interstate commerce. By its terms, the statute covers employees who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce. . . .' 29 U.S.C. § 207(a)(1).").

The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as an "enterprise" that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);
> (B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or
> (C) is an activity of a public agency.

29 U.S.C. § 203(s)(1). Plaintiff alleges he was an employee of Western Heights as a middle school and high school coach, which pursuant to § 203(s)(1)(B) would constitute an enterprise engaged in commerce. Accordingly, the Motion to Dismiss on this basis is not well taken.

The Court finds that Plaintiff has sufficiently alleged an FLSA claim in the Amended Complaint. Accordingly, and for the reasons set forth herein, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 10th day of December 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE