# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABRAM COLEMAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. CIV-20-901-R |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| No. 1-41 of OKLAHOMA COUNTY, | ) | |
| OKLAHOMA, a/k/a WESTERN | ) | |
| HEIGHTS PUBLIC SCHOOLS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## **ORDER**

Before the Court is Defendant Independent School District No. 1-41 of Oklahoma County's ("Western Heights" or "the District") Motion for Summary Judgment. Doc. No. 29. The matter is fully briefed and ripe for decision. Plaintiff Abram Coleman additionally has filed an unopposed Motion to File a Sur-Reply [Doc. No. 43], a Motion for an Extension of Time and to Reopen Discovery [Doc. No. 44], and a Motion to Amend Complaint. Doc. No. 50. The Court DENIES the Motion for Summary Judgment for the reasons stated below. Furthermore, because the District raised novel and contradictory arguments in its Reply to Plaintiff's Response to the Motion for Summary Judgment [Doc. No. 42], the Court will find Western Heights has waived these arguments. Therefore, the Court DENIES Plaintiff's Motion to File a Sur-Reply, Motion for Extension of Time and to Reopen Discovery, and his Motion to Amend Complaint, which he filed in response to these novel arguments, as moot.

This case stems from Western Heights' decision to terminate Plaintiff's employment. The District hired Mr. Coleman as a teacher assistant/paraprofessional. Doc. 29 at 7. On August 10, 2018, Plaintiff signed a written employment agreement which stated he was to work a seven-hour workday at a rate of $11.45 an hour. *Id*. at 7–8. The contract additionally allowed Western Heights to terminate Mr. Coleman at will [Doc. No. 29-4], and it is an undisputed fact that Plaintiff's employment was a non-exempt position subject to 29 U.S.C. § 203 *et seq.*, also known as the Fair Labor Standards Act ("FLSA").[1] The contract was silent as to any afterschool coaching duties. Doc. No. 29-4.

In addition to his paraprofessional role, Plaintiff served as an assistant varsity girls' basketball coach. Doc. No. 29 at 8. It is disputed as to how much Mr. Coleman was to be paid for this coaching role, its effects on his overtime eligibility pursuant to the FLSA, and whether the Plaintiff entered into an oral agreement with the director of athletics to increase his wages to $20 per hour. *Id*. at 19–20. Ultimately the District paid Plaintiff a pro-rated coaching stipend based on its teachers' coaching stipend. Doc. *Id*. at 15.

Western Heights terminated Mr. Coleman on November 8, 2018. *Id*. at 10. After some preliminary attempts to handle their dispute regarding his alleged unpaid coaching and overtime wages, Plaintiff filed suit in the District Court of Oklahoma County on August 4, 2020. Doc. No. 1-1. Defendant removed this case to federal court based on federal question jurisdiction grounded in Mr. Coleman's claims pursuant to the FLSA. Doc.

---

[1] The District has attempted to withdraw its admission to this fact in its Reply. Doc. No. 42. The Court addresses this argument below.

No. 1. The District now moves for summary judgment, claiming that Plaintiff has been paid more than he was owed as a matter of law. Doc. No. 29 at 31–33.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. . . . An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Id.* at 670–71 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* at 671 (citing Fed. R. Civ. P. 56(e)). In short, the Court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52.

While the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party, *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712–13 (10th Cir. 2014), "[t]he mere existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252. At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. at 249.

As an initial matter, Defendant has filed novel and contradictory arguments in its Reply to Plaintiff's Response to the Motion for Summary Judgment. Doc. No. 42. After arguing that Mr. Coleman was not a teacher, but a teacher assistant/paraprofessional subject to the provisions of FLSA in its Motion for Summary Judgment, the District would now like the Court to disregard this statement of agreed fact and entertain the argument that Mr. Coleman is actually an exempt teacher under the FLSA. *Id*. at 3–4. "[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). The primary exception to this rule is when "the new issue argued in the reply brief is offered in response to an argument raised in the [response] brief." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003).

Here, Plaintiff has conceded the District's initial finding of fact that he is not a teacher, but an assistant teacher/paraprofessional subject to the FLSA. Doc. No. 38 (no written objection to Defendant's statement of fact at ¶¶ 2, 15. Doc. No. 29 at 7, 11). Therefore, the exception to the bar against raising novel arguments in a reply is not applicable. *Beaudry*, 331 F.3d at 1166 n.3. If the Court were to accept Western Heights' novel position as to Mr. Coleman's employment status, it also would create a contradiction between the District's brief in support of the motion for summary judgment and their reply

4

brief. Such a contradiction would fundamentally change the nature of this case on the eve of trial, and, consequently, the Court will not entertain the contradiction. *See United States v. Adams*, 615 F. App'x 502 at 506 (10th Cir. 2015) (disapproving of the use of contradictory arguments and deeming them waived when raised for the first time in a reply brief). The Court will therefore adjudicate the merits of the District's motion for summary judgment based solely on its brief in support of its motion. It further DENIES Plaintiff's Motion to File a Sur-Reply, Motion for Extension of Time and to Reopen Discovery, and Motion to Amend Complaint as moot because Mr. Coleman filed these motions solely in response to the novel and contradictory arguments raised by Defendant in its reply brief.

Moving to the merits of Western Heights motion for summary judgment, the District argues that the Court should not look outside the four corners of Plaintiff's written contract and that Mr. Coleman has been paid in full for his time coaching. Doc. No 29 at 23, 29–31. It further contends that Plaintiff has been inconsistent as to what exactly he is claiming the District owes him in back wages. *Id.* at 20–21. Plaintiff counters that his written contract does not cover his coaching duties, and thus it is not a completely integrated document. Doc. No. 38 at 3–4. Mr. Coleman concludes that, at bottom, there is a genuine dispute of material fact as to what the terms of his coaching contract were and whether they violated the FLSA's overtime provisions. *Id*.

When a dispute arises regarding the intentions of the contracting parties, the parol evidence rule governs the admissibility of evidence. This rule, as codified, provides that "[t]he execution of a contract in writing . . . supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the

5

instrument." 15 O.S. § 137; *see Mercury Inv. Co. v. F.W. Woolworth Co.*, 706 P.2d 523, 529 (Okla. 1985) (explaining that when a contract is "complete in itself and, as viewed in its entirety, is unambiguous, its language is the only legitimate evidence of what the parties intended" and that "the practical construction of an agreement, as evidenced by the acts and conduct of the parties, is available only in the event of an ambiguity") (emphasis omitted); *see also* 15 O.S. § 155 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ."). The rule does not preclude evidence of subsequent modifications to a written contract. Under Oklahoma law, "[a] contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." 15 O.S. § 237.

The subsequent oral agreement must be "fully performed," and proof of the executed oral agreement "must be positive, clear and convincing." *Bredouw v. Wilson*, 256 P.2d 421, 424 (Okla. 1953); *see Dewberry v. Universal C.I.T. Credit Corp.*, 415 P.2d 978, 979 (Okla. 1966) ("An oral agreement modifying a written contract, although established, is ineffective to alter the terms of the written contract until its terms have been fully executed."). Additionally, the parol evidence rule does not preclude certain evidence if the contract at issue is only partially integrated:

> [W]hen a writing does not purport to disclose the complete contract, or if, when read in the light of the attendant facts and circumstances, it is apparent that it contains only a part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was; but such parol evidence must not be inconsistent with or repugnant to the intention of the parties as shown by the written agreement.

*Bleakley v. Bowlby*, 557 P.2d 894, 896-97 (Okla. 1976) (citations omitted).

6

Here, it is clear the written contract does not cover all the conditions of Mr. Coleman's employment. The terms of the written contract, namely that Plaintiff work as a paraprofessional for $11.45 per hour, seven hours a day, seem to have been honored by both parties. Doc. No. 29-4. However, the employment contract is silent as to both Mr. Coleman's coaching duties and his compensation for those duties. *Id*. It is clear that Western Heights hired Plaintiff both as a coach and as a teacher assistant. Even on his application for employment, Mr. Coleman wrote "coaching → Track & Basketball". Doc. No. 29-2. Furthermore, the District acknowledges that Plaintiff was a coach at the school and was paid for his coaching duties. Doc. No. 29 at 15. Consequently, the Court finds the written contract did not constitute the whole of Plaintiff's employment agreement. There was an unwritten provision in which Mr. Coleman was to coach in exchange for compensation.

The amount of that compensation and whether it violated the FLSA is a disputed fact that lies at the heart of this case. Western Heights claims that, at most, Plaintiff was entitled to a pro rata share of its standard teacher coaching stipend, which it has already paid. *Id*. at 29–31. Mr. Coleman tells a more complex story. He argues that he was initially promised a coaching stipend of $3000. Doc. No. 29-3 at 14. However, Plaintiff claims that, on October 25, 2018, the District changed his contract to an hourly position with pay of twenty dollars per hour, plus time and a half for work done in excess of forty hours per week. *Id*. at 28. Mr. Coleman further claims he was promised this rate would be retroactive, and that he would receive a check covering the extra hours he worked from August, when he started his teacher assistant role, through October 25, 2018. *Id*.

7

If there ever was an oral modification to Plaintiff's written contract, Western Heights never fully performed on it. Thus, the Court finds that Plaintiff cannot successfully claim the District owes him back pay regarding his paraprofessional duties under Oklahoma law. *See Bredouw*, 256 P.2d at 424 (holding an oral modification of a written contract must have been fully performed to be enforceable). However, the Court finds there is a genuine dispute as to material fact as to what Plaintiff should have been paid for his coaching duties and whether the District violated the FLSA by failing to pay Mr. Coleman overtime for the hours he worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2)(c) (mandating that an employer may not employ a person for more than forty hours per workweek unless the employee receives overtime compensation of at least one-and-a-half times the regular hourly rate for those overtime hours).

It is a disputed matter of material fact best left for a jury whether Mr. Coleman's compensation was supposed to be a prorated coaching stipend, the whole of that stipend, his standard paraprofessional contract wage with overtime payment subject to the FLSA's mandatory overtime provision, or twenty dollars an hour as a coach as per a separate, oral agreement. Even if a jury finds Western Heights is factually correct that all Mr. Coleman's unwritten contract required was that the District pay him a prorated teachers' coaching stipend, it could still find this arrangement violated the FLSA. *See* 29 C.F.R. § 778.200; *see also McLaughlin v. Quan*, No. CIV.A. 87-A-423, 1988 WL 62595, at *4 (D. Colo. June 17, 1988) ("the FLSA defines the regular rate to include all renumeration for employment paid to an employee . . . Unless a benefit paid to an employee falls within one of the[] statutory exclusions, [the stipend] must be included in determining the employee's regular

8

rate [for purposes of calculating overtime compensation]." Defendant has provided no arguments nor points to any case law as to why, even if the Court were to agree with its version of events, it should find Western Heights did not violate the FLSA as a matter of law. In short, the Defendant has failed to set forth sufficient undisputed facts from which the Court can make an informed ruling regarding Plaintiff's FLSA claims, and consequently, the Court concludes that summary judgment is inappropriate.

At trial, the Court anticipates resolving two issues: (1) the terms of Plaintiff's unwritten coaching contract; and (2) whether these terms violated the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(2)(c). Accordingly, for the reasons set forth herein, the Court DENIES Defendant's Motion for Summary Judgment.

IT IS SO ORDERED on this 31st day of January 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE